**Lina M. KELLER, Plaintiff-Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 141, Docket 30634.**

United States Court of Appeals Second Circuit.

Argued Dec. 2, 1966.

Decided Dec. 30, 1966.

Lina M. Keller, pro se.

Judith N. Stein, Asst. U. S. Atty., Southern Dist. of New York (Robert M. Morgenthau, U. S. Atty., and David E. Montgomery, Asst. U. S. Atty., on the brief), for defendant-appellee.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

Lina M. Keller appeals from a judgment of the United States District Court for the Southern District of New York, Richard H. Levet, Judge, which upheld on review under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), the final decision of the Secretary of Health, Education and Welfare that appellant had not withdrawn her application for reduced retirement benefits because she had not assured repayment of amounts received and therefore was not eligible to apply for primary benefits. Finding no error, we affirm the district court.

Upon retiring at the age of 62, appellant applied under § 202(q) (1) of the Social Security Act, 42 U.S.C. § 402(q) (1), for reduced retirement benefits. From January 1963 to June 1964, she received eighteen monthly payments of $104.90, totaling $1,888.20. She resumed employment in July and was ineligible for benefits because she was earning more than the allowable maximum. See § 203 of the Social Security Act, 42 U.S.C. § 403. Appellant then attempted to withdraw her application for reduced benefits so that she could apply for full payments of $121 monthly at the age of 65. The question for review is whether she satisfied 20 C.F.R. § 404.615(b) (3) which provides that withdrawals are not effective unless "There is repayment of the amount of benefits previously paid because of the application that is being withdrawn or it can be established to the satisfaction of the Administration that repayment of any such amount is assured."

Appellant did not tender repayment in cash; instead, she proposed to forego eighteen months of possible future benefits. Her proposal was not to waive the first eighteen months of benefits to which she became entitled but rather was to forego any benefits payable to her from 65 to 66½. The Secretary's decision that appellant's offer did not constitute a satisfactory assurance of repayment was correct because there was no certainty that appellant would not continue to work, be ineligible for benefits and thereby repay nothing. In fact, that is exactly what happened and no repayment occurred. A scheme such as contemplated by appellant might indeed have much to recommend it. We cannot, however, find a basis for it in the present statutory plan.

Appellant's "retirement credit" argument, that her eighteen months pre-65 retirement should be balanced against her 18 months post-65 employment, is meritless because she received benefits during her retirement and there was therefore no credit accrued under the statute now in force. Her other contentions such as

the inadequacy of Social Security payments, the absence of a private employer pension law, her inability to retain counsel and her displeasure with the retirement test are likewise better directed to the Congress.

The judgment of the District Court is affirmed.