**Sylvia HABERMAN**

v.

**John W. GARDNER, etc.**

**No. 67 Civ. 3452.**

United States District Court
S. D. New York.
May 21, 1968.

Martin I. Kaminsky, Wachtell Manheim & Grouf, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, David Paget, Asst. U. S. Atty., for defendant.

## Endorsement

RYAN, District Judge.

Plaintiff filed this suit on September 8, 1967 under Section 205(g) of the Social Security Act (Title 42 U.S.C. Section 405(g)), to review a final decision of the defendant which held that she was not entitled to insurance benefits under Section 202(d) (1) (B) of the Social Security Act (Title 42 U.S.C. Section 402(d)) for her daughter, Ellen. The suit challenges the administrative determination that Ellen was not a bona fide, full-time, high school student qualified for student benefits under the statute for the period from April 1966 through June 1967.

Plaintiff moves for summary judgment reversing defendant's determination. There is no factual issue for the parties have agreed that there is no genuine issue of material fact and that plaintiff's Rule 9(g) statement is complete and correct. I accept this Rule 9(g) statement as stipulated.[1]

The sole issue of law presented is whether on the entire administrative record the defendant's determination is correct.

The denial of student benefits for Ellen by the Social Security Administration is predicated upon the undisputed fact that, although she was a duly enrolled student at a New York State Regent fully accredited college preparatory program in the Rhodes School's evening high school session, her scheduled classroom hours, including compulsory laboratory work, was approximately 16½ hours a week. It was, therefore, held that since Ellen's scheduled classroom attendance was less than 20 hours a week, she did not meet the "full time attendance" provisions of Social Security Administration Regulation No. 4, Section 404.320(c) (2), 20 C.F.R. 404.320(c) (2)[2] and could not qualify as a "full time student" under the provisions of Section 202(d) of the Act, 42 U.S.C. 402(d) (8) (B).[3]

It is argued on behalf of plaintiff that Ellen is within the class of students

---

1. See appendix.

2. *Social Security Administration Regulations—20 C.F.R. 404.320(c) (1) and (2)*.
   (1) *Full-Time Student*. The term "full-time student" means a student who is in full-time attendance (as defined in subparagraph (2) of this paragraph) at an educational institution * * *.
   (2) *Full-Time Attendance*. Ordinarily, a student is in "full-time attendance" at an educational institution if he is enrolled in a noncorrespondence course and is carrying a subject load which is considered full-time for day students under the institution's standards and practices. However, a student will not be considered in "full-time attendance" (i) if he is enrolled in a junior college, college, or university in a course of study of less than 13 school weeks' dura-

tion, or, (ii) if he is enrolled in any other educational institution and either the course of study is less than 13 school weeks' duration or his scheduled attendance is at the rate of less than 20 hours a week. A student whose full-time attendance begins or ends in a month is in full-time attendance for that month.

3. *Section 202(d), 42 U.S.C. 402(d) (1), (B); (8) (A)*.
   § 202(d) (1) Every child [shall be entitled to a child's insurance benefit] if such child
   * * * * *
   (B) * * * was unmarried and (1) * * * was a full-time student and had not attained the age of 22
   For the purposes of this subsection—
   (8) (A) A "full-time student" is an indi-

which Congress intended to assist by the Social Security Amendments of 1965 [approved July 30, 1965; Public Law 89–97, Section 306(b) (3)] and that the "twenty hour rule" of the Administrative agency regulation (404.320(c) (1) and (2)) has not been rationally applied, and that the facts render the regulation inapplicable to the claim here rejected.

I agree with defendant's contentions and reluctantly have concluded that the rejection of this claim must be affirmed.

The Congress left the determination of what constitues "full-time attendance" under the statute to the Secretary. The legislative history of this 1965 amendment shows that the Congress intended that it be liberally construed (See Senate Report No. 404, June 30, 1965, 1965 U.S. Code Cong. & Adm. News, Vol. 1, p. 2037) but it recognized the need for the establishment of minimum standards which would, of necessity, be national and impartial in scope and application.

Section 402(8) (A) provides that a "full-time student" is "an individual who is in full-time attendance at an educational institution, as determined by the Secretary (in accordance with regulations prescribed by him) in the light of the standards and practices of the institutions involved. * * * ".[4]

The Secretary, when drafting Regulation 404.320(c) (2), recognized that school locations and facilities, school requirements, hours of attendance, and standards and practices of the various institutions would vary according to the residence of the student beneficiary. To meet these conditions and to permit of a just and fair national application of the regulation, we find that the very first word of the regulation "Ordinarily" lays down a policy of liberality as the statute requires. That this sentence is narrowed by the definition of "full-time student" as one who is so engaged for a minimum of 20 weekly hours, does not do violence to the definition or to the liberal purpose of the statute. The minimum standards set by the Secretary, judged in the light of his experience and the administrative expertise of the agency, are found to be reasonable and fully consonant with the Congressional policy. In fact, they are well below the minimum established throughout most of the States of the nation. The plaintiff's daughter Ellen did not meet the required 20 hours of weekly scheduled attendance; that she was otherwise a full-time student is immaterial. While it might be argued that an injustice results in her particular case because of a shortage of but 3½ hours in weekly scheduled attendance, neither she nor the Rhodes School may set the standards, educationally adequate as they may be. If this were permitted the entire purpose of the regulation might easily be thwarted. A regulation destined for widespread application cannot possibly meet all situations—appealing as they may be. A minimum standard of eligibility is essential; it clearly cannot be said that the mimimum here is unrealistic. We conclude that the regulation carries out the Congressional policy. The Court may not disturb it to fit a particular case. (Keller v. Gardner, 370 F.2d 554 (2nd Cir., 1966); American Power & Light Co. v. Securities and Exchange Commission, 329 U.S. 90, 67 S.Ct. 133, 91 L.Ed. 103.)

Plaintiff's motion denied; defendant's motion dismissing the complaint upon the merits and affirming the defendant's determination is granted without costs. Let defendant settle appropriate judgment on 5 days' notice.

So ordered.

---

vidual who is in full-time attendance as a student at an educational institution, as determined by the Secretary (in accordance with regulations prescribed by him) in the light of the standards and practices of the institutions involved, except that no individual shall be considered a "full-time student" if he is paid by his employer while attending an educational institution at the request, or pursuant to a requirement, of his employer.

4. See agreed factual statement, paragraphs numbered 12, 13, 14 and 15.

## APPENDIX

*Rule 9(g) Statement of Facts
Not In Issue*

1. Plaintiff is the mother of Ellen Haberman ("Ellen").

2. Plaintiff's husband, Harry Haberman, died on April 23, 1966.

3. This action arose as follows:

(a) On May 4, 1966, plaintiff filed an application under Section 202(d) (1) (B) of the Social Security Act, as amended [42 U.S.C. § 402(d) (1) (B)] for Student's Benefits in connection with her daughter's attendance at the Rhodes School in New York City;

(b) Plaintiff's application was denied by her local Social Security Administration District Office on June 15, 1966;

(c) Plaintiff promptly sought reconsideration of that June 15, 1966 decision;

(d) On August 5, 1966, plaintiff's local District Office rendered a Reconsideration Determination again denying her claim;

(e) on November 3, 1966, plaintiff duly filed a Request For Hearing by the Board of Hearings & Appeals of the Social Security Administration, seeking reversal of the aforesaid decisions denying her claim;

(f) A hearing in review of plaintiff's claim was held on February 15, 1967 before Hearing Examiner Edward E. Turkel of the Queens, New York Office of the Bureau of Hearings & Appeals;

(g) On February 27, 1967, Hearing Examiner Turkel rendered his decision denying plaintiff's claim;

(h) On March 17, 1967, plaintiff duly filed a Request for Review of Hearing Examiner's Action;

(i) On July 10, 1967, the Appeals Council of the Social Security Administration in Washington, D. C., denied plaintiff's appeal from the Hearing Examiner's decision;

(j) The decision of the Appeals Council constitutes a final determination by the Secretary of Health, Education & Welfare;

(k) Having thus exhausted her administrative remedies, plaintiff on September 8, 1967 instituted this action for review of the aforesaid administrative determinations pursuant to Section 205 (g) of the Social Security Act [42 U.S.C. § 405(g)].

4. During the entire period in question herein (May, 1966 through June, 1967), Ellen was over 18 years of age and was an evening high school student at Rhodes School in New York, New York.

5. Prior to her attendance at the Rhodes School, for a period of between two and a half and three years, Ellen had been seriously ill; consequently, she had been completely unable to attend high school.

6. As soon as Ellen recovered from her illness in 1964, plaintiff sought to enroll her in high school as a full-time student.

7. No day high school, including the New York City Public School System, would accept Ellen because she was considered too old. Ellen would have been beginning high school as a 17 year old freshman; freshmen are usually 13 or 14 years old.

8. No night high school, including the New York City Public School System, offered Ellen a program containing twenty classroom hours per week.

9. In view of the foregoing facts (¶¶ 4-8), Ellen registered in a fully-accredited college-preparatory program in Rhodes School's evening high school session.

10. Ellen's course of study at Rhodes School entailed approximately 16½ classroom hours, including compulsory laboratory work.

11. Ellen's course of study at Rhodes School was "accelerated", meaning that the work load was intensified so that Ellen would be able to complete a normally four-year program in two and one-half years.

12. Ellen's course of study at Rhodes School was fully accredited, earning for her the same college-preparatory credits

and the same New York State Board of Regents diploma as she would have obtained in a four-year program in the day session at any New York City Public high school.

13. The Rhodes School considered Ellen a full-time student and the equivalent of its regular day-time high school students.

14. Ellen graduated from the Rhodes School in June, 1967 receiving a New York State Board of Regents academic diploma, the same diploma awarded to day high school students at the Rhodes School.

15. During her entire attendance at the Rhodes School during the period in question herein, Ellen devoted herself solely to her school studies, including homework; she was not employed and considered herself a full-time student.

16. Ellen is now a full-time college freshman.