Pedro **PERALES**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

**Civ. A. No. 67–77–SA.**

United States District Court
W. D. Texas,
San Antonio Division.

Aug. 13, 1968.

Richard E. Tinsman, Tinsman & Cunningham, Anthony J. Ferro, San Antonio, Tex., for plaintiff.

Warren N. Weir, Asst. U. S. Atty., San Antonio, Tex., for defendant.

SPEARS, Chief Judge.

This is an appeal brought under the provisions of 42 U.S.C.A. § 405(g), from a decision of the Appeals Council affirming the hearing examiner's holding that plaintiff is not entitled to any disability benefits under the provisions of the Social Security Act.

Hearings were held in San Antonio on January 12, 1967 and March 31, 1967. At the initial hearing the only witnesses were the plaintiff and a physician whose testimony was to the effect that plaintiff would not be able to continue gainful employment as a common laborer. Other evidence consisted of certain unsworn medical reports received, over objection, by the hearing examiner.

At the second hearing, although no examining physicians appeared, and there was no showing that they were unavailable, the hearing examiner heard testimony, over objection, from a "medical advisor", who had never examined the plaintiff, and did not testify in response to hypothetical questions. Nevertheless, he was allowed to interpret "what the physicians who had examined the man over a period of months have stated", and the hearing examiner, in arriving at his findings, relied heavily upon that interpretation.

 Except in unusual circumstances, and none are shown to exist in this case, this Court is reluctant to accept as substantial evidence the opinions of medical experts submitted as original evidence in the form of unsworn written reports, the admission of which would have the effect of denying to the opposition an opportunity for cross-examination.[1] Ratliff v. Celebrezze, 338

F.2d 978, 982, 11 A.L.R.3d 1124 (6 Cir. 1964); Mullen v. Gardner, 256 F.Supp. 588 (E.D.N.Y.1966).

 Similarly, the opinion of a doctor who has never examined or treated a claimant, is entitled to little or no probative value, especially when it is opposed by evidence of a substantial nature, including the oral testimony of an examining physician. See Hayes v. Gardner, 376 F.2d 517 (4 Cir.1967).

 Certainly, therefore, in a situation where, as here, unsworn medical reports of examining physicians are received as original evidence on the critical issue of plaintiff's physical condition, a non-examining medical expert is then allowed to "interpret" those *ex parte* reports, and that "interpretation" forms the basis for the decision by the hearing examiner, we have what amounts to pyramiding hearsay upon hearsay, which, under the circumstances of this case, violates the fundamental rule of fair play and cannot be permitted to stand.

Since it appears that the hearing examiner, having been forewarned, deliberately ignored similar rulings made by this Court in an earlier case, the interests of justice will be better served by remanding this cause to the Secretary for a new hearing before a different examiner, at which hearing the interested parties will be afforded full opportunity to present competent evidence on all pertinent issues. New findings should then be made solely on the basis of the record made at the hearing before the new examiner, which record may, however, contain by agreement any evidence submitted at either of the prior hearings.

It has been so ordered.

---

1. This is not to say that the *examining* doctors should not, under proper circumstances, have access to medical records, as well as other doctors' reports, in arriving at their independent judgment concerning a claimant's physical condition.