Sophie ZANOVIAK

v.

Robert H. FINCH, Secretary, Department of Health, Education, and Welfare.

Civ. A. No. 69–1184.

United States District Court,
W. D. Pennsylvania.

July 31, 1970.

Swope & Swope, Ebensburg, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

This is an action filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), wherein plaintiff seeks review of the decision of the Secretary of Health, Education and Welfare denying her claim filed on May 24, 1968 for disabled widow's insurance benefits under § 202(e) of the Social Security Act, 42 U.S.C.A. § 402(e).

Plaintiff's application was denied by initial decision of the Bureau of Disability Insurance and upon reconsideration. A request for hearing was granted, and a hearing conducted on April 17, 1969. The Hearing Examiner held that plaintiff was not entitled to disabled widow's benefits. Plaintiff filed a request for review of the Hearing Examiner's action on August 1, 1969, and, on September 8, 1969, said request was denied by the Appeals Council. The denial by the Appeals Council became the final decision of the Secretary of Health, Education and Welfare.

A Complaint was timely filed in the United States District Court for the Western District of Pennsylvania pursuant to § 205(g), *supra*. In response, defendant filed an Answer and a certified copy of the administrative transcript. Subsequently, defendant filed a Motion for Summary Judgment. Counsel for the respective parties have filed written briefs in support of their position on the Motion and have agreed to waive oral argument. Upon review of the administrative record, the pleadings, and the briefs of counsel, the Court is compelled to grant the Motion for Summary Judgment.

Pertaining to the scope of judicial review, § 205(g), *supra*, provides as follows:

"The Court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for hearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Under this section and Section 10(e) of the Administrative Procedure Act, 5 U.S.C.A. § 706, the Court is limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3rd Cir.1957).

Disabled widow's benefits are provided under § 202(e) of the Social Secu-

rity Act, 42 U.S.C.A. § 402(e). Benefits are provided to a widow of a fully insured individual if the widow has attained the age of 50 but not 60 years of age and is under a disability as defined in § 223(d) of the Social Security Act, 42 U.S.C.A. § 423(d). Under § 202(e), *supra*, the disability must begin within the period commencing with the month of the death of the fully insured individual and ending with the eighty-fourth month thereafter. Plaintiff was 54 years of age at the time of her hearing before the Hearing Examiner. Her husband died on December 12, 1958. Thus, plaintiff's disability was required to have commenced no later than December 31, 1965.

Section 223(d) (2) (B) of the Social Security Act, 42 U.S.C.A. § 423(d) (2) (B), defines disability for purposes of widow's benefits as follows:

> "(B) A widow, surviving divorced wife, or widower shall not be determined to be under a disability (for purposes of section 202(e) or (f)) unless his or her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity."

And section 223(d) (3), 42 U.S.C. 423(d) (3) provides:

> "(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

And section 223(d) (5) of the Act, 42 U.S.C. 423(d) (5) provides that:

> "(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

Pursuant to the authority vested in him by § 205(a) and § 223(d) (2) (B)

of the Act, 42 U.S.C.A. § 405(a) and 423(d) (2) (B), the Secretary has adopted Social Security Administration Regulations No. 4, §§ 404.1504–404.1506, 32 C.F.R. §§ 404.1504–404.1506, which set forth general criteria for the evaluation of disability. In addition, these regulations contain an Appendix which lists specific impairments which are deemed preclusive of any gainful activity. Section 404.1505 of the Regulations provides that a widow may recover for any disability which is the equivalent in severity and duration of an impairment listed in the Appendix. Section 404.-1505 also provides that any decision as to the medical equivalence of a claimed impairment to an impairment listed in the Appendix shall be based upon medically demonstrable evidence including a medical judgment furnished by one or more physicians designated by the Secretary.

It is to be noted that the term "disability" is more restrictively defined with respect to disabled widow's benefits than with respect to the benefits provided for a disabled insured. With respect to disabled widow's benefits, the Senate Finance Committee stated in pertinent part:

> "The bill would also provide benefits (as discussed in the statement on benefits for disabled widows and widowers) for certain disabled widows (including surviving divorced wives) and disabled dependent widowers under a *test of disability that is somewhat more restrictive than that for disabled workers and childhood disability beneficiaries. The determination of disability in the case of a widow or widower would be based solely on the level of severity of the impairment. Determinations in disabled widow and widower cases would be made without regard to nonmedical factors such as age, education, and work experience, which are considered in disabled worker cases.* Under this test, the Secretary of Health, Education, and Welfare would by regulation establish the severity of impairment

which may be deemed to preclude an individual from engaging in any 'substantial gainful activity' (as opposed to 'gainful activity' as provided in the House bill). An individual whose impairments meet the level of severity established by the regulations of the Secretary would generally be found to be disabled, although, of course, if other evidence establishes ability to engage in substantial gainful activity despite such impairments, he would not be found disabled; and individuals whose impairments do not meet this level of severity may not in any case be found disabled." (Emphasis supplied.) Sen.Rpt. No. 744, pages 49–50, 90th Cong., 1st Sess., U.S.Code Cong. & Admin.News 1967, p. 2883.

Applying the restrictive standards of § 223(d) of the Social Security Act, *supra,* the Hearing Examiner made findings that the plaintiff, during the period in which her disability was required to have commenced, which extended to December 31, 1965, did not suffer from any impairments listed in the Appendix to the Social Security Regulations No. 4 and also did not suffer from any impairments which were the equivalent in severity and duration to those listed in the Appendix. The Hearing Examiner's findings were founded upon the personal testimony of the plaintiff, the medical records of plaintiff's admission to the Altoona Hospital in 1964, the medical reports of five physicians which had examined the plaintiff and the reports of two physicians who were designated by the Secretary to review plaintiff's medical records.

It was plaintiff's testimony that her disability commenced in 1958, when she experienced headaches and "bleary" spells. She stated that she experienced attacks of some kind in 1963 and 1964 and, since that time, has had dizzy spells, failing memory, a hissing in her ears and increased nervousness. Plaintiff indicated that she has never worked at any time.

The report dated July 9, 1969 from Dr. Albert D. DeMatteis, a specialist in thoracic surgery, states that plaintiff was hospitalized in 1965 for a condition which was finally diagnosed as anxiety state. Indicating that he had first examined the claimant on June 30, 1958, Dr. DeMatteis' own diagnosis was that plaintiff suffered from menopausal syndrome, anxiety state, and moderate hypertension. In response to special interrogatories submitted by the State Disability Determination Section, Dr. DeMatteis advised that, prior to December 31, 1965, the last day of the period within which disability was required to have commenced, plaintiff suffered from no neurological or other functional deficits resulting from hypertension. Dr. DeMatteis also stated that, during the relevant period, plaintiff's orientation, ability to think, reason and response were normal.

In a report dated October 10, 1968, Dr. James H. Shindel diagnosed plaintiff as having a healthy chest and mild hypertrophic arthritis of the dorsal spine. A consultative report by Dr. E. C. Ingoldsby dated October 29, 1968 contained a diagnosis of possible hyperthyroidism, mild arterial hypertension, possible migraine headaches and allergy. The report dated April 11, 1969 from Dr. Strassman, a psychiatrist and neurosurgeon, indicated that, in his opinion, plaintiff suffered from a functional nervous disease as of the time of his examinations on February 19 and April 11, 1969.

Reports were also submitted by two physicians designated by the Secretary who examined medical reports of examining physicians. Both of these physicians concluded from those reports before them that plaintiff was not suffering from a disability within the meaning of § 223(d) (2) (B), *supra.*

The Court is of the opinion that the aforementioned medical reports of plaintiff's private physician, other examining physicians, and the physicians designated by the Secretary provided the Hearing Examiner with substantial evidence upon which he could conclude that

plaintiff was not precluded from any gainful activity.

 Counsel for plaintiff, however, raises three objections herein. It is contended that the regulations promulgated in the implementation of § 223(d) (2) (B) of the Social Security Act, *supra,* are overly general and require a predetermined result upon a claim for disabled widow's benefits regardless of the particular circumstances of the case. It is well established that Congress may delegate to administrative officials the details of regulations which are necessary to implement more general enactments. United States v. Rock Royal Co-op., 307 U.S. 533, 574, 59 S.Ct. 993, 83 L.Ed. 1446 (1938). A regulation which carries out Congressional policy is valid. Haberman v. Gardner, 296 F. Supp. 661 (S.D.N.Y.1968). In the instant case, § 223(d) (2) (B) specifically delegates to the Secretary the responsibility for enacting regulations establishing the level of severity of an impairment necessary for the recovery of disabled widow's benefits. The regulations enacted pursuant thereto, and the Appendix which comprises a part thereof, contrary to being general, are extremely specific in their designation of the nature and extent of particular disabilities which will render a widow entitled to disability benefits. It is wholly within the liberal intent of the Act that the Secretary has also seen fit to provide in § 404.1505 of the regulations, 32 C.F.R. § 404.1505, that compensation shall be granted to a widow whose impairment or cumulative impairments are determined medically to be the equivalent in severity and duration of a specific impairment listed in the Appendix. Accordingly, these regulations are a valid implementation of § 223(d) (2) (B) of the Social Security Act, *supra.*

Plaintiff also objects to the receipt in evidence of the medical reports of the two physicians designated by the Secretary, both of whom rendered the opinion that plaintiff was not disabled within the meaning of the Act. Plaintiff's objections are founded upon the fact that both physicians based their reports fully upon the medical reports of other physicians and did not examine the person of the plaintiff. Also, it is contended that their testimony is not entitled to weight for the further reason that they failed to appear personally before the Hearing Examiner.

With respect to the introduction into evidence of a medical report of a physician who has not personally examined a claimant and does not appear in person before the Hearing Examiner, it has been stated that mere uncorroborated hearsay evidence as to the physical condition of a claimant, standing alone, is not substantial evidence, if the claimant objects to the hearsay evidence and if the hearsay evidence is directly contradicted by the testimony of live medical witnesses and by the claimant who testifies in person before the examiner. Breaux v. Finch, 421 F.2d 687, 689 (5th Cir.1970). However, such were not the circumstances here.

 Plaintiff was represented by counsel when she appeared before the Hearing Examiner on April 17, 1969. At the outset of the hearing, the Hearing Examiner asked whether there were any objections to any of the exhibits proposed to be offered in evidence, and counsel replied that he had no objections. (T.27) Moreover, there was no live medical testimony offered by the plaintiff which was in contradiction to the findings contained in the medical reports of the two physicians designated by the Secretary to evaluate plaintiff's alleged impairment on the basis of her prior medical records. Also, it is questionable whether it can be said that the conclusions of these physicians were uncorroborated. Not only did the report of one corroborate the report of the other, but also the other medical evidence of record tended to support rather than to refute the conclusions of these two physicians. In particular the report of Dr. DeMatteis was corroborative of their conclusions. In these circumstances, the Court concludes that the conclusions stated in the medical reports

of the physicians examining plaintiff's records on behalf of the Secretary did constitute substantial evidence from which the Hearing Examiner could make a determination that no disability existed.

Counsel raises a final contention that the Secretary failed to offer the testimony of a vocational expert at the hearing. However, it is clear from the previously quoted statement of the Senate Finance Committee that, for purposes of determining a widow's disability under § 223(d) (2) (B) of the Social Security Act, *supra*, Congress intended that the determination of disability would be made "without regard to nonmedical factors such as age, education, and work experience, which are considered in disabled worker cases." It was plaintiff's burden to offer sufficient medical evidence to establish the requisite severity of an impairment to merit recovery. This plaintiff failed to do. It was not incumbent upon the Secretary to provide vocational evidence of any nature with respect to her disability, for Congress rendered this type of evidence immaterial to a disabled widow's claim.

With respect to § 223(d) (1) (A) of the Social Security Act, 42 U.S.C.A. § 423(d) (1) (A), the provision which defines disability for purposes of disabled worker cases, the Court of Appeals for the Third Judicial Circuit has recently said:

"While this Court has stated that this restrictive language imposes a 'very harsh' burden upon applicants for disability benefits, it is clear that we are bound by its wording. Gentile v. Finch, 423 F.2d 244, 248 (3d Cir. 1970)."

The requirements for the establishment of a widow's disability under § 223(d) (2) (B), *supra*, are all the more restrictive and harsh upon the applicant. To preclude a widow's recovery, it need only be shown from a medical standpoint that she can participate in any gainful activity and not that she can perform substantial gainful activity. The Court is constrained to follow these limitations. In the light of the same, the Court finds that the Hearing Examiner's findings of fact were supported by substantial evidence and that disability benefits were properly denied.

An appropriate Order is entered.

### ORDER

Now, this 31 day of July, 1970, it is hereby ordered that defendant's Motion for Summary Judgment be and the same is hereby granted.