Charlene A. **GUNTER**, Plaintiff,

v.

Elliott L. **RICHARDSON**, Secretary of Health, Education and Welfare of the United States of America, Defendant.

No. HS 70–C–35.

United States District Court,
W. D. Arkansas,
Hot Springs Division.

Jan. 7, 1972.

**908**

William W. Green, George Callahan, Hot Springs, Ark., for plaintiff.

Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

OREN HARRIS, Chief Judge.

In this action the plaintiff, Charlene A. Gunter, pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), seeks review of the decision of the Secretary of Health, Education and Welfare denying her claim filed on August 20, 1968, for disabled widow's benefit under §§ 202(e) and 223 of the Social Security Act, as amended, 42 U.S.C.A. §§ 402(e) and 223.

The plaintiff's application for disabled widow's insurance benefits was denied initially in a decision by the Bureau of Disability Insurance, Social Security Administration, Department of Health, Education and Welfare, on September 26, 1968. On request for reconsideration the Bureau had the claim reevaluated by a physician and a disability examiner in the state agency which works with the Social Security Administration in making disability determinations. Additional information was received and from a "careful" evaluation of all the evidence, including the medical evidence,

which was independently reviewed by the Social Security Administration, it was determined that the previous determination was proper under the law. The plaintiff was so advised on January 8, 1969.

A request for a hearing was timely filed by the plaintiff, and after due notice a hearing was conducted by the Hearing Examiner on September 11, 1969. The claimant, plaintiff herein, appeared in person and with her attorneys, William W. Green and George Callahan.

On November 7, 1969, the Hearing Examiner issued a decision denying the plaintiff's claim and held that she was not entitled to disabled widow's insurance benefits. Plaintiff filed a request for review of the Hearing Examiner's action with the Appeals Council and on September 8, 1970, the Appeals Council affirmed the decision of the Hearing Examiner with supplemental findings. It was the decision of the Appeals Council that based on the plaintiff's application filed Aug. 20, 1968, that she is not entitled to a period of disability or to disability insurance under §§ 202(e) and 223, respectively, of the Social Security Act, as amended.

On July 15, 1970, the Bureau of Hearings and Appeals, Appeals Council, advised the plaintiff by letter that the Appeals Council granted her request for review of the Hearing Examiner's decision. The Council also advised her in the letter that if she had any evidence not previously supplied, or wished to make a further written statement as to the facts and the law of her case, she could submit either or both for consideration by the Council. She was further advised that if she desired, she could appear in person before the Council for an oral presentation of the case. Further, if preferred she could have someone to represent her and appear either with her or alone for this purpose. In response to the Council's letter the plaintiff's attorney, Mr. William W. Green, advised by letter July 21, 1970, that the claimant had no additional

evidence to present other than the medical report of Dr. Austin Grimes dated January 2, 1970, and May 4, 1970, previously filed in the case. The matter having been submitted, the Council proceeded to a review of the case on the record and decision of September 8, 1970.

The complaint of the plaintiff was timely filed in this court pursuant to § 205(g), supra. In response the defendant filed an answer and a certified copy of the administrative transcript.

In the interim, counsel for the plaintiff addressed a letter to the Appeals Council under date of September 17, 1970, calling to the attention of the Council that Dr. Grimes' report of January 2, 1970, was not included in the record as evidence to be considered by the Council, and requested that the report be made a part of the record. In response the Acting Director of the Appeals Council advised plaintiff's counsel that he was correct in his reference to Dr. Grimes' report and accordingly the Appeals Council would give consideration to Mr. Green's letter and the report of the doctor.

Subsequently, on November 10, 1970, the defendant, via the United States Attorney for the Western District of Arkansas, filed a motion as authorized in 42 U.S.C.A. § 405(g) for the case to be remanded to the Secretary for further administrative action. An order was entered by the Court on November 12, 1970, remanding the case to the Secretary for this purpose.

On consideration of the additional medical report of Dr. Austin Grimes dated January 2, 1970, and evaluation of the additional evidence, the Appeals Council in its amended decision affirmed its previous decision of September 8, 1970, that the claimant is not entitled to widow's insurance benefits. This became the final decision of the Secretary. It is from the decision of the Hearing Examiner of November 7, 1969, and the two decisions entered by the Appeals Council September 8, 1970, and December 23, 1970, respectively, that the plaintiff seeks review in this proceeding.

§ 205(b), 42 U.S.C.A. § 405(b), directs the Secretary to make findings and decisions; on request, to give reasonable notice and opportunity for a hearing; and in the course of any hearing to receive evidence. It then contains this language:

"Evidence may be received at any hearing before the Secretary even though inadmissible under rules of evidence applicable to court procedure."

In § 205(a), 42 U.S.C.A. § 405(a), the Congress provided that the Secretary:

"shall have full power and authority to make rules and regulations and to establish procedures * * * necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder."

In carrying out these statutory duties, the Secretary promulgated regulations which, inter alia, provides:

"The hearing examiner shall inquire fully into the matters at issue and shall receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters. * * * The * * * procedure at the hearing generally, * * * shall be in the discretion of the hearing examiner and of such nature as to afford the parties a reasonable opportunity for a fair hearing." 20 C.F.R. § 404.927.

In consideration of the statutory authority and the powers Congress granted the Secretary to provide regulations for hearing procedures, the Court proceeds to a consideration first of the decision of the Hearing Examiner and the two decisions of the Appeals Council.

The Hearing Examiner correctly states the status of the claim, statement of the issues and applicable law and regulations. In defining the term "disability", the Examiner noted that a widow shall not be determined to be under a "disability" unless her physical or mental impairment, or impairments, are of a level of severity which, under regulations prescribed by the secretary, is deemed to be sufficient to preclude an individual from engaging in any gainful activity. It does not require "substantial" gainful activity. The regulations referred to by the Hearing Examiner on entitlement to widow's insurance benefits are § 404.1501 of Subpart P of Regulation No. 4; § 404.1504 of the regulation which includes the listing of impairments in the appendix to Subpart P of a level of severity to preclude an individual from engaging in any gainful activity; § 404.1506 of the regulation refers to information regarding impairments such as the terms "symptoms", "signs", and "laboratory findings", applicable to medical findings and determinations; § 404.1505 of the regulation requires that a widow's impairment shall be determined to be medically the equivalent of an impairment listed in the appendix, only if the medical findings with respect thereto are at least equivalent to severity and duration to the listed findings of the listed impairments.

After a summary of the claimant's allegations and testimony, the Hearing Examiner summarized the medical evidence consisting of eight exhibits. From the substantial medical testimony, which all too frequently is conflicting, the Hearing Examiner concluded that the claimant's primary impairment is osteoarthritis and disorders of the spine which commenced subsequent to October, 1966, when claimant had surgery in the form of an abdominal hysterectomy. Based on the testimony of the claimant and other lay witnesses, and the medical evidence of record, the Examiner concluded in his findings that the evidence fails to establish that the claimant's impairments since the surgery in 1966 is the equivalent of the conditions and symptoms set forth in the Secretary's regulations and that claimant's condition had not continued to remain serious, but had, with treatment and therapy shown improvement. The Examiner further found that the evidence failed to establish that claimant is precluded from engaging in gainful activity by any impairment or impairments which could be expected to result in death or which has lasted or could be expected to last for a continuous period of not less than 12 months at any time prior to the date of his decision. The application of the plaintiff, filed on August 20, 1968, was denied by the Examiner in his decision.

It should be stated with reference to the medical evidence that while certain of the medical reports described her condition, each of them in their diagnosis referred to degenerative arthritis involving the entire cervical spine. Each of the medical reports concluded that the claimant had an arthritic condition effecting the spine of the claimant. While some of the medical reports, specifically, Dr. Harold Chakales and Dr. H. Austin Grimes diagnosed her condition as disabling, other medical reports which are in essential agreement with Dr. Chakales as to the claimant's diagnosis of osteoarthritis of the cervical and thoracic spine conclude there are no pathological reflexes, "she is found not to be disabling." This diagnosis is included in the medical report of the state agency making disability determinations in affirming the previous diagnosis of September 19, 1968. The Examiner further noted that although the medical report of Dr. H. Austin Grimes certified her disabling condition that would preclude her from engaging in any gainful activity that in a letter dated August 13, 1968, to Dr. Jack Gunter, son of the claimant, Dr. Grimes observed that he had just seen his mother and that she "has a little mild thoracic osteoarthritis which apparently was on a traumatic ba-

sis" limited to the right side, "but this is certainly not severe enough to require treatment but she is beginning to get a little kyphosis".

The plaintiff requested a review by the Appeals Council of the decision of the Hearing Examiner denying the claim for widow's insurance benefits under disability. As already stated the Appeals Council invited the plaintiff to present any further testimony and if desired to appear in person and testify orally. The plaintiff through counsel submitted the two medical reports of Dr. H. Austin Grimes dated January 2, 1970, and May 4, 1970, respectively. In addition to these reports being entered into the record by request of the plaintiff, the Appeals Council included a medical analysis dated July 22, 1970, by Earnest A. Brav. From a review.and evaluation of all the evidence in the case, the Appeals Council affirmed the decision of the Hearing Examiner supplementing the Council on findings in its two decisions September 8, 1970, and December 23, 1970. The Appeals Council in its decision, after reviewing the record, concluded that the claimant, plaintiff herein, is not under a "disability" or entitled to a period of disability and insurance benefits as a widow.

The plaintiff in her complaint assaults the opinions of the Appeals Council of including the medical analysis dated July 22, 1970, and the reasonableness of the regulations promulgated by the Secretary as Subpart P of the appendix to Regulation No. 4. The record discloses that counsel for the plaintiff seriously objected to the inclusion of the medical analysis of Dr. Brav prior to the decision of the Appeals Council and the Appeals Council overruled the objection by the plaintiff's attorney. The plaintiff questions the admissibility of the Dr. Brav's analysis and insisted that it constitutes hearsay evidence, denied the plaintiff a fair trial and hearing, and, thereby, denied the plaintiff due process. The plaintiff further contends that the regulations which permitted the Appeals Council to enter and consider the analysis is arbitrary, capricious and unreasonable and should be declared void.

The scope of judicial review is limited. § 205(g), supra, provides:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *."

Under this provision of the act, the Court is limited to "ascertaining whether on the record as whole there is substantial evidence to support Secretary's findings of fact". Zanoviak v. Finch, D.C., 314 F.Supp. 1152 (1970); Goldman v. Folsom, 3 Cir., 246 F.2d 776, 778.

Under the Social Security Act § 202(e) disabled widow's benefits are provided to the widow of a fully insured individual, if the widow has attained the age of 50, but not 60 years of age, and is under a disability as defined in § 223(d) of the Social Security Act, 42 U. S.C.A. § 423(d).

The Hearing Examiner, Appeals Council and the Secretary correctly found that the wage earner died July 31, 1968, and was fully insured. Also, that the claimant met the non-medical requirements for entitlement. 42 U.S.C.A. § 402(e).

§ 223(d) of the Social Security Act provides in addition to defining disability that:

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

§ 223(d) also provides that:

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

When considering the above provisions, together with the Secretary's adopted Social Security Administrative Regulation No. 4 previously referred to, it is quite clear that the term "disability" is more restrictively defined with respect to disabled widow's benefits than with respect to the benefits provided for a disabled insured. See Senate Report No. 744, pages 49–50, 90th Cong., 1st Sess., U.S.Code Cong. & Admin.News 1967, p. 2883.

■ Applying these restrictive standards as provided by Congress in the act, the Hearing Examiner made findings in this case upon the personal testimony of the plaintiff, the medical records and reports. The court is of the opinion that the aforementioned medical reports and testimony provided the Hearing Examiner with substantial evidence upon which he could conclude that the plaintiff was not precluded from any gainful activity.

■■ With reference to the contention of the plaintiff that the regulations promulgated in the implementation of the Social Security Act are arbitrary and capricious and should be held void. It is well established that Congress may delegate to administrative officials the details of regulations which are necessary to implement more general enactments. A regulation which carries out congressional policy is valid. The regulations under attack herein are specific in their designation of the nature and extent of the particular disability which will render a widow entitled to disability benefits. Zanoviak v. Finch, supra. They have been held valid by the courts and more recently approved by the Supreme Court of the United States. Richardson v. Perales, 402 U.S. 389, 399, 400, 91 S.Ct. 1420, 28 L.Ed.2d 842.

■ Plaintiff also objects strenuously to the receipt in evidence by the Appeals Council of the analysis of medical reports by a qualified physician, Dr. Earnest A. Brav. He did not examine the plaintiff and never saw her. Plaintiff contends his analysis is contrary to all rules and the testimony is not entitled to any weight or considered substantial.

The courts have been divided on this question and more recently raised serious question as to the weight that should be given to such testimony. However, in the recent opinion, Richardson v. Perales, supra, the Supreme Court in a clear and decisive statement laid the issue to rest.

In that case Dr. Lewis A. Leavitt, a physician board-certified in physical medicine and rehabilitation, and chief of, and professor in, the Department of Physical Medicine at Baylor University College of Medicine, was called by the Hearing Examiner as an independent "medical advisor". He was called as an expert who did not examine the claimant, but heard and reviewed the medical evidence and offered an opinion. He was paid a fee by the government. Counsel for the claimant there, as here, objected to the testimony not based upon examination. Testifying over the objection of the claimant, he stated the consensus (analysis) from the various medical reports.

The district court held that the opinion of the doctor who had never examined or treated the claimant is entitled to little or no probative value. It further declared that under the circumstances it "violates the fundamental rule of fair play and cannot be permitted to stand". Perales v. Secretary of Health, Ed. and Welfare, D.C., 288 F.Supp. 313, 314 (1968).

On appeal the Fifth Circuit held that Dr. Leavitt's testimony was admissible, but did not constitute substantial evidence when it was objected to and when contradicted by evidence from the only

live witnesses. Cohen v. Perales, 412 F.2d 44 (1969).

For the Court, Mr. Justice Blackmun, stated at page 408 of 402 U.S., 91 S.Ct. at page 1430, as follows:

> "(3) The claimant, the District Court and the Court of Appeals also criticize the use of Dr. Leavitt as a medical adviser. 288 F.Supp. at 314; 412 F.2d at 53–54. See also Mefford v. Gardner, 383 F.2d 748, 759–761 (CA6 1967). Inasmuch as medical advisers are used in approximately 13% of disability claim hearings, comment as to this practice is indicated. We see nothing 'reprehensible' in the practice, as the claimant would describe it. The trial examiner is a layman; the medical adviser is a board-certified specialist. He is used primarily in complex cases for explanation of medical problems in terms understandable to the layman-examiner. He is a neutral adviser. This particular record discloses that Dr. Leavitt explained the technique and significance of electromyography. He did offer his own opinion on the claimant's condition. That opinion, however, did not differ from the medical reports. Dr. Leavitt did not vouch for the accuracy of the facts assumed in the reports. No one understood otherwise. See Doe v. Department of Transportation, 412 F.2d 674, 678–680 (CA8 1969). We see nothing unconstitutional or improper in the medical adviser concept and in the presence of Dr. Leavitt in this administrative hearing." Richardson v. Perales, supra.

Having determined that the decision of the Hearing Examiner was supported with substantial evidence, affirmed by the Appeals Council as supplemented with additional findings appropriately received within the framework of the Social Security Act, and the specific objections of the plaintiff disposed of, it follows the petition for review should be dismissed.

An appropriate order in accordance with this opinion will be entered.