Shirley **PETRUZZI**, Plaintiff,

v.

Caspar W. **WEINBERGER**, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 74–56 Erie.

United States District Court, W. D. Pennsylvania.

April 8, 1975.

John F. Potter, MacDonald, Illig, Jones & Britton, Erie, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

Plaintiff Shirley Petruzzi brought this action pursuant to 42 U.S.C. Section 405(g) to obtain a review of a final decision of the Secretary of Health, Education and Welfare which denied her claim for disability insurance benefits.

At the outset it must be noted that plaintiff's claim is for widow's insurance benefits and that the relevant standard of inability to engage in "any substantial activity," 42 U.S.C. § 423(d)(2)(B) is even more restrictive than the test for disability applied to wage earners themselves. See H.R. No. 544, pages 26, 31, 90th Cong., 1st Sess., and Sen.Rpt. No. 744, pages 49–50, 90th Cong., 1st Sess.

Before the administrative law judge, two medical reports were presented. The report of Dr. Donald W. Watkins, who had personally examined the plaintiff on January 26, 1972, contained a summary of his medical findings and concluded as follows:

> [I]t is my opinion that this patient has had progressive degenerative changes in the lumbo-sacral spine which in my opinion are probably totally and permanently disabling, and I feel that there will be further progression of the process to the point where the patient will not be able to assume any type of work resulting in gainful employment. I consider her one-hundred percent disabled at the present time.

The second report is by Dr. William Raffel, a physician "designated by the Secretary," who did not examine the plaintiff. Dr. Raffel relied on information and test and X-ray results which were in plaintiff's files. This physician concluded as follows:

> The evaluation of motion is subjective in nature. The straight leg raising was normal and there was no reflex deficit and no evidence of sensory loss. The X-rays showed hypertrophic spurring and degenerative disease at L-5 interspace which is a common finding at this age. There is no evidence of nerve root irritation or compression and there is no objective medical evidence to indicate that this claimant meets or equals the listing for severity of impairment.

On appeal to the Appeals Council, two more reports were considered. Dr. Barranco's report was made after examination of the plaintiff. He concluded, after noting symptoms of plaintiff's pain and limitation on her movements that

[T]he lower extremeties did not reveal any evidence of atrophy according to measurements. No contractures or ankylosis deformity was noted. The reflexes were equal and active bilaterally . . . Diagnosis, lumbo-sacral degenerative disease with root nerve involvement, right sciatia

. . . . .

and concluded that the plaintiff was able to perform medium activity on a sustained basis.

All of the above reports and medical evidence were reviewed by Dr. Brav, who concluded that the plaintiff did not have a severe impairment of the spine or extremities, although because of degenerative disc disease and mild osteoarthritis, her ability to engage in prolonged standing, heavy lifting or repetitive spinal bendings was limited. However, she was, in his opinion, able to stand for periods of an hour, do medium walking and engage in activities in a sitting position over a six to eight hour period with some occasional changes of position.

Both parties have now moved for summary judgment on this record. Plaintiff argues that the finding of the Secretary that she is not disabled so as to be incapable of any gainful activity lacks substantial evidentiary support, relying mainly on the conclusion of Dr. Watkins that she was in fact totally disabled and the argument that the reports of the two doctors whose views that she could perform gainful activity were most definite should not have been given weight because those physicians, Drs. Raffel and Brav did not personally examine her.

■ ■  The law in this area does not accept plaintiff's view that the medical opinions of doctors based solely on review of clinical and laboratory findings

cannot be substantial evidence in support of the Secretary's denial of benefits. To qualify for benefits a widow must show that the level of her impairprescribed by the Secretary's regulaments is on the same level of severity as tions. 42 U.S.C. 423(d)(2)(B). Furthermore, 42 U.S.C. 423(d)(3) provides that

(3) For purpose of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

Section 404.1505 of the Regulations provides that a widow's impairment or impairments is equivalent to the impairments listed in Appendix A to the regulations only if the medical findings show it to be at least equivalent in severity and duration to the listed findings of the listed impairment. The medical judgment of one or more physicians "designated by the Secretary" is a basis for such a finding.

The administrative law judge and the appeals council, pursuant to these guidelines, considered evidence presented to them to be insufficient to support a finding of plaintiff's disability when the evidence did not meet the required findings for either Section 1.04 (arthritis) or Section 1.05 (disorders of spine) of the Appendix to the regulations.

■ ■  On this record we must find that the Secretary's finding is supported by substantial evidence. Dr. Watkins' opinion that the plaintiff is totally disabled is entitled to no more weight as an ultimate conclusion than is the statement of Dr. Brav that plaintiff can sit and work for as much as eight hours at a time. Accordingly, the judgment should be affirmed.