### Willie Mae GRIMES

v.

### SECRETARY OF HEALTH, EDUCATION AND WELFARE.

**Civ. A. No. 76–458.**

United States District Court,
E. D. Pennsylvania.

June 28, 1977.

---

**24.** The defendant did not object to the wording of this interrogatory. (N.T. 9–134–135).

David Kanner, Philadelphia, Pa., for plaintiff.

J. H. Simcox, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

RAYMOND J. BRODERICK, District Judge.

This action is brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare denying the claimant widow's insurance benefits based on disability. The decision rendered by the Administrative Law Judge on July 14, 1975 became the final decision of the Secretary in this case when affirmed by the Appeals Council on December 22, 1975. This final decision holds that the claimant is not entitled to widow's insurance benefits based on disability under §§ 202(e) and 223, respectively, of the Social Security Act, as amended, 42 U.S.C. §§ 402(e) and 423. This matter is before us on defendant's motion to dismiss or for summary judgment.

Title 42 U.S.C. § 405(g) provides in pertinent part that:

> The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.

Thus, in reviewing the Secretary's decision the Court's role is narrowly circumscribed. The sole question is whether there was substantial evidence in the record as a whole to support the finding of the Secretary that

the claimant was not entitled to receive widow's insurance benefits based on disability. "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Ginsburg v. Richardson,* 436 F.2d 1146, 1148 (3d Cir. 1971); *Barats v. Weinberger,* 383 F.Supp. 276, 279 (E.D.Pa.1974). As our Third Circuit has cautioned, " 'substantial' means just that and is not the equivalent of a 'scintilla.' " *Hess v. Secretary of HEW,* 497 F.2d 837 (3d Cir. 1974). After a careful review of the record and briefs, and for the reasons which shall appear hereinafter, this Court is of the opinion that the defendant's motion for summary judgment must be granted.

Disabled widow's benefits are provided for under § 402(e) of the Social Security Act, 42 U.S.C. § 402(e). Benefits are provided to a widow of a fully insured individual if the widow has attained the age of 50 but not 60 years of age and is under a disability as defined in § 223(d) of the Social Security Act, 42 U.S.C. § 423(d). The term "disability" is defined in Section 223 as:

> (d)(1)  .   .   .
>
>> (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;  .   .   .

Section 223(d)(2)(B) of the Social Security Act, 42 U.S.C. § 423(d)(2)(B) defines disability for purposes of widow's benefits as:

> (B) A widow, surviving divorced wife, or widower shall not be determined to be under a disability (for purposes of section 402(e) or (f) of this title) unless his or her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity.

Section 223(d)(3), 42 U.S.C. § 423(d)(3) provides:

> (3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

Pursuant to the authority vested in him by § 205(a) and § 223(d)(2)(B) of the Act, 42 U.S.C. §§ 405(a) and 423(d)(2)(B), the Secretary has adopted Social Security Regulations No. 4 §§ 404.1504 through 404.1506, 20 C.F.R. §§ 404.1504 through 404.1506, which set forth criteria for evaluating widows and widowers as to disability. In addition, these regulations include an Appendix and Subpart P, Regulations No. 4; 20 C.F.R. §§ 404.1501 through 404.1539, which list specific impairments which are deemed preclusive of any gainful activity. Section 404.1505 of the Regulations provides that a widow may recover for any disability which is the equivalent in severity and duration of an impairment listed in the Appendix. Section 404.1505 also provides that any decision as to the medical equivalence of an impairment ".   .   . shall be based on medical evidence demonstrated by medically acceptable clinical and laboratory diagnostic techniques, including a medical judgment furnished by one or more physicians designated by the Secretary, relative to the question of medical equivalence."

It is to be noted that the term "disability" is more restrictively defined with respect to widows' benefits than with respect to the insured themselves. The Senate Finance Committee stated in pertinent part:

> The bill would also provide benefits (as discussed in the statement on benefits for disabled widows  .   .   .) under a test of disability that is somewhat more restrictive than that for disabled workers and childhood disability beneficiaries. The determination of disability in the case of a widow or widower would be based solely on the level of severity of the impairment. Determinations in disabled

widow or widower cases would be made without regard to nonmedical factors such as age, education, and work experience, which are considered in disabled worker cases. Under this test, the Secretary of Health, Education and Welfare would by regulation establish the severity of impairment which may be deemed to preclude an individual from engaging in any "substantial gainful activity" (as opposed to "gainful activity" as provided in the House bill). An individual whose impairments meet the level of severity established by the regulations of the Secretary would generally be found to be disabled, although, of course, if other evidence established ability to engage in substantial gainful activity despite such impairments, he would not be found disabled; and individuals whose impairments do not meet this level of severity may not in any case be found disabled. Sen.Rpt.No. 744, 90th Cong., 1st Sess., 49–50 (1967); quoted in 1967 U.S.Code Cong. & Admin.News, p. 2883.[1]

As Judge Wisdom states in *Sullivan v. Weinberger*, 493 F.2d 855, 862 (5th Cir. 1974):

> Whereas factors such as age, education, and work experience must be considered in deciding claims by disabled workers under the Act, 42 U.S.C. § 423(d)(2)(A), nonmedical factors are not to be considered in disabled widows' claims. In addition, although a disabled worker may recover when conditions prevent him from "engaging in *any substantial* gainful activity", id. (emphasis supplied), a claimant, seeking disabled widows' benefits does not profit from the modifier "substantial"; she may recover only if her impairments are of a level of severity deemed to preclude her from "engaging in *any* gainful activity", 42 U.S.C. § 423(d)(2)(B) (emphasis supplied)

■ A claimant who is an insured worker has the burden of establishing disability by a two-step process. Such a claimant must first prove a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months and; second, that the impairment renders the claimant unable to engage in any substantial gainful employment, *Baker v. Gardner*, 362 F.2d 864 (3d Cir. 1966); *Bujnovsky v. Celebrezze*, 343 F.2d 868 (3d Cir. 1965). However, to qualify for benefits as a disabled widow or widower under the Act, such a claimant must establish one of the physical or mental impairments listed in the Regulations. In the event that the claimant proves such a physical or mental impairment, the claimant is deemed to be precluded from engaging in any gainful activity. *Sullivan v. Weinberger, supra*; *Petruzzi v. Weinberger*, 394 F.Supp. 182 (W.D.Pa.1975); *Zanoviak v. Finch*, 314 F.Supp. 1152 (W.D.Pa.1970).

The findings of the Administrative Law Judge were a product of a hearing held on June 30, 1975 in Philadelphia, Pennsylvania. At that hearing it was adduced that claimant was fifty-seven years old, and was the widow of Martin Grimes, who was fully insured at the time of his death. The Administrative Law Judge took testimony from the claimant as to her symptomology and pain concerning arthritis, residual lessening of use of a previously broken right wrist, dizziness, high blood pressure and medication that she was presently taking. (N.T. 9–13). Testimony was also taken from a vocational counseling expert who stated that the claimant could engage in work of a sedentary or light nature. (N.T. 23–26).

The Administrative Law Judge carefully weighed the reports of examining physicians pursuant to the mandate of 42 U.S.C. § 423(d)(2)(B) in order to determine whether claimant had fulfilled the criteria or equivalent thereof of the Secretary's "Listing of Impairments" as set forth in the Appendix to Subpart P, Regulations No. 4; 20 C.F.R. §§ 404.1501 through 1539. Dr. Morton Silver, claimant's family physician, reported the presence of hypertension and

1. See also H.R.No.544, 90th Cong., 1st Sess. 26, 31 (1967).

hypertrophic arthritis. (N.T. 93, 99, 103). Dr. Joseph Shatouhy, who treated claimant for a broken wrist in December of 1973, referred to the existence of traumatic arthritis in the right wrist as well as hypertensive cardiovascular disease. (N.T. 101).

 The report of Dr. J. B. deMoura one of the physicians selected by the Secretary to examine the claimant, states that she is suffering from obesity, hypertension, and osteoarthritis of both knees and concludes that claimant would be able to perform light duties. (N.T. 96). The report of Dr. John Urback, an internist selected by the Secretary to examine the claimant, stated findings of hypertension and severe obesity and concluded that treatment of the hypertension and a diet for weight loss would allow claimant to work. (N.T. 106). Each of these reports conclude that Mrs. Grimes' impairments did not meet or equal the level of severity described in the Regulations. We therefore find that there is substantial evidence in this record to support the finding of the Secretary that the claimant failed to establish that she had a physical or mental impairment of the severity described in the Regulations.

Claimant urges this Court to deny the Secretary's motion for summary judgment on the sole ground that claimant was not represented by counsel at the hearing before the Administrative Law Judge. The Regulations provide that a claimant *may* be represented by counsel. 20 C.F.R. § 504.-822. (emphasis supplied). However, the presence of counsel is not mandatory and may be waived. Our Third Circuit has noted that lack of representation is not, in and of itself, ground for remand, *Hess v. Secretary of HEW*, 497 F.2d 837, 840, n. 4 (3d Cir. 1974); *Domozik v. Cohen*, 413 F.2d 5, 9 (3d Cir. 1969).

A careful review of the record reveals that the claimant submitted medical reports from her family physician (N.T. 92–93, 99, 103) and from the orthopedic surgeon who treated her for her fractured wrist. Claimant also gave testimony as to her symptomology and pain. (N.T. 9–13).

The Administrative Law Judge informed the claimant that she had a right to be represented by an attorney and was advised by claimant that she desired to proceed with the hearing without representation. (N.T. 20).

Our review of the record reveals that the Administrative Law Judge inquired fully into the matters at issue and received into evidence all the testimony and documents offered by the claimant. Furthermore, there is no claim by counsel for the claimant who represents her on this appeal that the claimant has evidence which was not considered by the Administrative Law Judge. Counsel's only claim is that an attorney may have objected to some of the documents which were admitted into the record. This Court, however, finds nothing in this record prejudicial to the claimant.

Claimant did submit medical reports on her own behalf and her own testimony was carefully weighed by the Administrative Law Judge. Based upon the record and upon the standard set forth for disabled widow's disability benefits in *Sullivan v. Weinberger*, 493 F.2d 855, we must find that lack of counsel did not preclude a full and fair hearing for claimant and that the Secretary's finding is supported by substantial evidence. Accordingly, the Secretary's motion for summary judgment is granted.