Marjorie J. CLARKE

v.

David MATHEWS,* Secretary of Health, Education and Welfare.

Civ. A. No. W–75–683.

United States District Court,
D. Maryland.

Aug. 3, 1976.

* David Mathews succeeded Caspar Weinberger as Secretary of Health, Education, and Welfare on August 11, 1975. David Mathews is substituted, therefore, for Caspar Weinberger as the defendant in the suit. No further action need be taken to continue the suit by reason of the last sentence of section 205(g) of the Act, 42 U.S.C. 405(g). Federal Rules of Civil Procedure, Rule 25(d).

Alan M. Perlman, Silver Spring, Md., for plaintiff.

John W. Sheldon, Asst. U. S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM OPINION AND ORDER

WATKINS, District Judge.

In this action, Plaintiff Marjorie J. Clarke seeks review of a final decision of the Secretary of Health, Education and Welfare (hereinafter the Secretary), denying her claim for widow's disability insurance benefits. Jurisdiction is predicated on 42 U.S.C. § 405(g). The case is before the Court on cross-motions for summary judgment; the parties have agreed to waive oral argument and submit upon the briefs.

Plaintiff filed an application for widow's disability insurance benefits on October 26, 1972 [1] (Tr. 65–70), alleging that she became disabled in 1969 at age 51 due to high blood pressure and arthritis. The application was denied initially (Tr. 71–72). This decision was affirmed by the Maryland state agency after evaluation of the evidence by a physician and a disability examiner. Plaintiff next filed a request for reconsideration by the Bureau of Disability Insurance of the Social Security Administration, which affirmed the previous determinations. The plaintiff requested a *de novo* review and appeared with counsel and a witness before Administrative Law Judge John G. Underwood, who issued his opinion, adverse to the claimant, on October 22, 1974. His decision became the final decision of the Secretary when the Appeals Council approved it on March 28, 1975.

The Administrative Law Judge made five findings of fact, the following three of which appear to be disputed in this action, as not supported by substantial evidence:

2. The claimant was last entitled to mother's benefits December, 1963 and therefore the period specified in [42 U.S.C. § 402(e)], during which she must establish that she was under a disability, ended on January 31, 1971.

4. The evidence fails to establish that the claimant's medical conditions, considered in combination, either meet or equal the level of severity described in the listings of impairments in Appendix to Subpart P of Regulations No. 4.

---

1. Plaintiff also filed applications for widow's benefits on July 8, 1968 and January 28, 1970, which were denied. She did not apply for reconsideration or hearing on either occasion; thus, neither of these applications is before the Court for review. However, the reports of the various physicians who examined Mrs. Clarke in regard to those applications are in the record before the Court in the instant case. These reports provide an unusually complete record of the claimant's medical history during the relevant years.

5. The evidence has failed to establish that the claimant was under a "disability," as defined in [42 U.S.C. § 423], at *any* time or before January 31, 1971.

(Tr. 6–7 (emphasis added)).

Plaintiff specifically alleged in her complaint that findings four and five were erroneous. The fourth finding is essentially no more than a condition precedent to the conclusion in five that the claimant was not disabled within the definition of the statute. Thus, the issue raised by Plaintiff in regard to these findings is simply whether the Secretary's decision that Mrs. Clarke's health problems do not render her disabled within the meaning of the law is supported by substantial evidence.

It is also apparent that the Plaintiff does not agree with the second finding of the Administrative Law Judge.[2] The Court will treat this allegation of error as raising the issue of whether there was substantial evidence to support the decision of the Secretary to accept January 31, 1971 as the date before which Mrs. Clarke had to prove herself disabled. As a decision on this issue must logically come before consideration of Plaintiff's alleged disability, the Court will treat it first.

■ As suggested by the framing of the issues above, the criterion for review for both is whether or not the decisions of the Secretary are supported by substantial evidence. That this is the applicable standard is made clear from the statute itself: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Certainly then, the Court, in reviewing the Secretary's decisions, cannot substitute its own opinion for that of the Secretary's. *Blalock v. Richardson,* 483 F.2d 773, 775 (4 Cir. 1972); *Laws v. Celebrezze,* 368 F.2d 640 (4 Cir. 1966). Never-

theless, while the resolution of conflicts in the evidence is solely within the province of the Secretary as the trier of fact, *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4 Cir. 1964), the Court on review must make a "searching investigation" of the entire record to determine if substantial evidence for the Secretary's decision does exist. *Flack v. Cohen,* 413 F.2d 278, 280 (4 Cir. 1968) (Sobeloff, J.). Substantial evidence has been defined as "more than a scintilla, but less than preponderance," *Thomas v. Celebrezze, supra* at 543, and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), quoting from *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

■ The law provides that the widow of an individual who died fully insured shall be entitled to a widow's disability benefits if she is between the ages of 50 and 60 and under a disability which began before the end of the "specified period," 42 U.S.C. § 402(e)(1)(B)(ii). The "specified period" for that subsection begins with the last month for which she is entitled to mother's benefits and ends with the close of the eighty-fourth month following the month such benefits terminated. 42 U.S.C. § 402(e)(5)(B). Section 402(g)(1)(E) provides that mother's insurance benefits may be paid to a surviving widow if she has in her care a child of the deceased who is entitled to a child's insurance benefit. Children of a deceased, fully insured individual are entitled to such a benefit until the month preceding their marriage or attainment of the age of eighteen (other than in special circumstances not pertinent to this case). 42 U.S.C. § 402(d)(1)(D) & (E).

In the instant case, it is undisputed (Tr. 82) that the oldest of Mrs. Clarke's two daughters reached eighteen years of age in January, 1964, and, consequently, the last

---

2. Plaintiff, in her complaint, did not dispute this finding and, in fact, stated in the complaint that "the period . . . during which she must establish that she was under a disability, ended on January 31, 1971." Despite this statement, the briefs of the parties make clear that the Administrative Law Judge's Finding No. two is *not* conceded to be correct. Therefore, this Court will treat the issue as if it had been raised in the pleadings, pursuant to Rule 15(b) of the Federal Rules of Civil Procedure.

month in which she was entitled to a child's insurance benefit was December, 1963. The Plaintiff's youngest daughter did not become eighteen years old until December, 1965. However, the record makes clear (Tr. 82) that her entitlement to such benefits was terminated as of January, 1964. The code used in the record further indicates that the reason for the termination of this daughter's benefits was marriage. *See* Social Security Administration Bureau of Field Operations Pub. No. 119–74 (8–75). The record does not state anywhere the exact date of her marriage. Nevertheless, because it is clear that she last received benefits for December, 1963, and that marriage was the cause of cessation of payments, it is apparent that the youngest daughter, as with the older daughter, was no longer entitled to child's insurance benefits after December, 1963.

As explained above, Mrs. Clarke's entitlement to mother's insurance benefits was coterminous with her daughters' entitlement to benefits in their own right, i. e., Plaintiff's benefits also terminated in December, 1963. Consequently, the close of the eighty-four month (seven year) period, during which Plaintiff must have become disabled in order to be entitled to the disability benefits she now seeks, was January 31, 1971, as the Administrative Law Judge stated in his second finding of fact. This Court holds that that finding and the Secretary's approval thereof are certainly supported by substantial evidence.

The second question before the Court is whether there is substantial evidence to support the Secretary's decision that the Plaintiff did not become, during the specified period ending January 31, 1971, and is not now, disabled. The burden of proof on the issue is upon the Plaintiff. *Blalock v. Richardson*, 483 F.2d 773, 775 (4 Cir. 1972).

The term "disability" is defined in 42 U.S.C. § 423(d) as follows:

(1)(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *

(2) For purposes of paragraph (1)(A)— (B) A widow . . . shall not be determined to be under a disability (for purposes of section 202(e) or (f) of this title) unless . . . her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity.

The language of the Act indicates Congress' desire to require claimants seeking widow's disability benefits to demonstrate a more severe level of impairment than that required in 42 U.S.C. § 423(d)(1)(A) & (2)(A) for worker's disability benefits. The standard for widows is that the impairment must be sufficiently severe to preclude her from engaging in "*any* gainful activity," not merely any "substantial gainful activity." "Disability," for the purposes of widow's disability benefits, is determined strictly by medical evidence alone. Nonmedical factors, such as age, education and work experience, all of which must be considered by the Secretary in worker's disability claims, see 42 U.S.C. § 423(d)(2)(A), must be excluded from consideration in widow's disability claims.[3] S.Rep.No.744, 90th Cong., 1st Sess. 49–50 (1967), U.S.Code Cong. & Admin.News 1954, p. 2834; H.R.Rep.No. 544, 90th Cong., 1st Sess. 26–31 (1967); *Solis v. Secretary of Health, Education & Welfare*, 372 F.Supp. 1223, 1225 (D.P.R.1973); *Truss v. Richardson*, 338 F.Supp. 741, 743 (E.D.Mich.1971); *Wright v. Richardson*, 320

---

**3.** In her brief in support of her summary judgment motion now before the Court, Plaintiff included a single paragraph argument that the different standards set by Congress, as described in the text, are unconstitutional because they violate the equal protection clause of the

Fifth Amendment. The pleadings in this case are devoid of any mention of such a claim; no allegation of a proper jurisdictional basis is included. The question, therefore, is not properly before the Court.

F.Supp. 931 (W.D.Va.1970). Thus, the critical question for determining whether a claimant is entitled to widow's disability benefits is whether the claimant can engage in *any* gainful activity, without regard to the likelihood that the claimant would actually be able to find gainful employment in light of her age and experience, the economic conditions of her locality and other similar considerations. *Hill v. Dept. of Health, Education and Welfare*, Civil Action No. HM–75–463 (D.Md. January 28, 1976).

█ Pursuant to the authority vested in him by 42 U.S.C. §§ 405(b) and 423(d)(2)(B), the Secretary has promulgated regulations which establish the level of severity sufficient to preclude an individual from engaging in any gainful activity. The regulations provide two methods by which a claimant may demonstrate that she is disabled.

First, a claimant is disabled if her impairment or impairments are expected to result in death or last for a continuous period of at least twelve months and are found in the "Listing of Impairments" (20 C.F.R., Chapter 3, Subpart P, Appendix—Listing of Impairments). Social Security Admin.Regs. No. 4, 20 C.F.R. § 404.1504(a). To be considered a "listed impairment," a claimant's impairment must also have such attendant findings as are recited in the Listing for the impairment; it is not sufficient that the claimant's impairment has the same name or only *some* of the medical findings of a listed impairment. 20 C.F.R. § 404.1506(c).

Plaintiff, however, relies most heavily on the second method of establishing disability. Under 20 C.F.R. § 404.1504(b), a claimant is disabled if her impairment or impairments are expected to result in death or to last for a continuous period of not less than twelve months and it is determined by the Secretary to be the medical equivalent of a listed impairment. 20 C.F.R. § 404.1504(b). The definition of "medically equivalent" impair-

ment and the manner in which such equivalence is to be determined are set forth in 20 C.F.R. § 404.1505 as follows:

(a) An individual's impairment or impairments shall be determined to be medically the equivalent of an impairment listed in the appendix to this Subpart P, only if the medical findings with respect thereto are at least equivalent in severity and duration to the listed findings of the listed impairment.

. . . . .

(b) Any decision . . . as to whether an individual's impairment or impairments are medically the equivalent of an impairment listed in the appendix to this Subpart P, shall be based on medical evidence demonstrated by medically acceptable clinical and laboratory diagnostic techniques, including a medical judgment furnished by one of more physicians designated by the Secretary, relative to the question of medical equivalence. . . .

█ It is evident that the burden of establishing disability which rests on a widow-plaintiff is a heavy one. *Zanoviak v. Finch*, 314 F.Supp. 1152, 1153 (W.D.Pa. 1970). As one Court stated: "[T]he standard is not inability to be hired but complete inability to work." *Solis v. Secretary, supra* at 1225.[4] Furthermore, "[t]he function of deciding whether or not an individual is under a disability is the responsibility of the Secretary." 20 C.F.R. § 404.1526. As stated above, this Court, in reviewing the Secretary's determination, is limited to deciding whether the findings of the Secretary are supported by substantial evidence. 42 U.S.C. § 405(g).

█ The record indicates that from 1968 to 1974, Mrs. Clarke was examined by five physicians. One of those saw her both before and after January 31, 1971, while two examined her before that date and two after. Her major complaint was of a mus-

4. The Court in *Frasier v. Finch*, 313 F.Supp. 160 (N.D.Ala.1970) went so far as to express the following view:

The restrictions in this statute together with the regulations adopted by the Secretary

. . . if strictly applied, would require that the plaintiff for all practical purposes be a complete invalid and bedridden. *Id.* at 162.

culoskeletal nature (osteoarthritis and lumbar strain). However, the record further demonstrates that during that six year period Mrs. Clarke became increasingly obese and that, concomitantly, her blood pressure rose from 160/80 (Tr. 109) to 200/110 (Tr. 136). Thus, in 1974, Plaintiff was diagnosed as having moderately severe hypertension, for which she had been taking no medication. As the diagnosis of hypertension was first made several years after the Plaintiff's insured status had ended, this Court could find such evidence to be irrelevant to the question at hand. Such a determination is, however, unnecessary, as will shortly become apparent.

In order for Mrs. Clarke to prevail, it is necessary for her to establish that there is not substantial evidence in the record to support the Secretary's finding that the severity of her impairments was not medically equivalent to that required by 20 C.F.R. Chapter 3, Subpart P, Appendix— Listing of Impairments. Plaintiff's specific complaints fall within two categories of that listing: 1:00 Musculoskeletal System and 4:00, Cardiovascular System. A close comparison by this Court of the clinical diagnostic findings of the five physicians who examined Mrs. Clarke with the indicia of severity set forth in sections 1:00 and 4:00 of the Listing of Impairments, demonstrates that the Secretary's decision, adverse to the Plaintiff's claim, was amply supported by very substantial evidence. The evidence shows that Mrs. Clarke's impairments have *never*, either singly or in combination, risen to the severity required by the Secretary's regulations for a determination of disability.

There is considerable conflict of medical opinion in the record as regards Plaintiff's ability to work. Indeed, Mrs. Clarke was described by more than one of the physicians as being "disabled" to one extent or another. Section 404.1526 C.F.R. is directed to exactly this situation:

A statement by a physician that an individual is, or is not, "disabled," . . . shall not be determinative of the question of whether or not an individual is under a disability. . . .

Resolution of conflicts in the evidence, including conflicting medical opinion, is the duty of the Secretary. *Sullivan v. Weinberger*, 493 F.2d 855 (5 Cir. 1974). In this case, the Administrative Law Judge's decision, adopted by the Secretary, clearly relies on the clinical findings of the examining physicians, which were essentially similar, and which demonstrated an inadequate level of musculoskeletal and/or cardiovascular impairment. Because that decision is supported by substantial evidence, as this Court holds, it is determinative as to the question of whether the Plaintiff is disabled within the meaning of 42 U.S.C. § 423(d)(2)(B).

Plaintiff complains in her brief in support of her motion for summary judgment that "the Administrative Law Judge only considered her impairments singly, and not in combination as he was required to do by law." *Plaintiff's Brief* at 5. Taken as a whole, the complaint appears to be that the Administrative Law Judge was not sufficiently sensitive to the cumulative effect of Mrs. Clarke's ailments, especially the effect of the pain which she experienced. (*See* Tr. 38–42.) Indeed, such factors must be considered in determining a claimant's disability or lack thereof. Judge Lay, writing for the Fifth Circuit, has summarized this concept as follows:

In evaluating whether a claimant is capable of engaging in any gainful activity it is essential that the Secretary view the individual as a whole. It is senseless to view several disabilities as isolated from one another . . . . Each illness standing alone, measured in the abstract, may not be disabling. But disability claimants are not to be evaluated as having several hypothetical and isolated illnesses. These claimants are real people and entitled to have their disabilities measured in terms of their total physiological well-being. Different people react in markedly different ways to similar injuries. A back condition may affect one individual in an inconsequential way,

whereas the same condition may severely disable another person who has greater sensitivity to pain or whose physical condition, due to age, obesity, deformity, or general physical well-being is generally deteriorated.

*Landess v. Weinberger,* 490 F.2d 1187, 1190 (8 Cir. 1974) (review of a denial by the Secretary of widow's disability benefits).

Nevertheless, the Plaintiff's argument must fail. The decision of the Administrative Law Judge makes clear that he fulfilled his responsibilities within the letter of the law. In the last paragraph, before giving his findings, he wrote:

[T]he evidence has failed to establish that the claimant's impairments, considered either singly or in combination, either meet or equal the severity described in the [Listing of Impairments]. Therefore, even though it is recognized that she undoubtedly does experience symptoms of joint pain that would seriously restrict her ability to work, there is no medical basis for finding that she is unable to engage in any gainful activity.

(Tr. 12)

In summary, the Court is of the view that there is substantial evidence for the Secretary's findings that Mrs. Clarke's impairments, either singly or in combination, failed to demonstrate that she was under a "disability" as defined by statute prior to, at, or even after January 31, 1971, the last date of her insured status.

Accordingly, it is this 3rd day of August, 1976, by the United States District Court for the District of Maryland, ORDERED:

(1) That the Plaintiff's Motion for Summary Judgment be, and the same is, hereby DENIED;

(2) That the Defendant's Motion for Summary Judgment be, and the same is, hereby GRANTED.