Barbara E. LAY, Plaintiff,

v.

David MATHEWS, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 76–116–NN.

United States District Court,
E. D. Virginia,
Newport News Division.

Feb. 9, 1977.

Robert R. Hatten, Patten & Wornom, Newport News, Va., for plaintiff.

Michael A. Rhine, Asst. U. S. Atty., William B. Cummings, U. S. Atty., Norfolk, Va., for defendant.

## MEMORANDUM ORDER

MacKENZIE, District Judge.

This action is brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to have this Court review a final decision of the Secretary of Health, Education and Welfare, denying the plaintiff's claim for disability insurance benefits. The plaintiff filed her first application for disability benefits on June 23, 1975. This application was denied on July 22, 1975 upon an evaluation of the evidence and a finding that the plaintiff was not under a disability.

The plaintiff filed for reconsideration of her claim and on August 18, 1975 her application for benefits was again denied. A hearing was held on December 17, 1975 and in a decision handed down on January 20, 1976 the administrative law judge again denied her request for disability benefits. This decision became the final decision of the Secretary of Health, Education and Welfare when the Appeals Council approved the decision on June 9, 1976.

On August 9, 1976 the plaintiff filed an appeal with this Court. The defendant has responded by filing a motion for summary judgment.

As defined in Section 223(d)(1) of the Social Security Act, the term "disability" means an

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less that 12 months.

Under Section 223(d)(2), an individual is considered disabled only if

(A) [He] cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

The Secretary found that the opinion of the plaintiff's treating physician, Dr. Cowling, that she is unable to work is not supported by the general medical evidence of record, and that plaintiff's distress is not so severe as to disable her from all forms of gainful activity.

The only issue before this Court is whether the Secretary's decision was supported by substantial evidence. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The plaintiff is a 53 year old female with a ninth grade education. She has worked in factories, in a frozen food plant, and as a stockclerk in a grocery store. She last worked as a conductive silverer for an electronics firm and claims that she became unable to work in December, 1973 as a result of a bad back, legs, bladder spasms, and kidney trouble.

In several reports her treating physician, Dr. Cowling, stated that the plaintiff was totally incapacitated for any meaningful or gainful employment due to back and leg pain and hypertension. However, Dr. Mullins, an orthopedic surgeon who treated the plaintiff in 1974 and 1975 for injuries sustained after an accident in 1972, reported that she had full range of motion in her hip and knee and that he could find no physical basis for the plaintiff's complaints. These findings were confirmed by Dr. Smith, who found no limitation of motion, redness, or swelling in her hips and knees and no objectively detectable signs of arthritis in those joints.

The medical reports indicate that the plaintiff had a total hysterectomy in 1970 and suffered from chronic urethritis in 1974, but there is no evidence of any severe and continuing dysfunction as a result of those conditions. Nor is there any evidence that her hypertension has led to any significant debilitating limitations.

Dr. Killian, a clinical psychologist, furnished a report which indicated that at least some of the plaintiff's distress can be attributed to psychological and social factors. Dr. Mullins also reported that the plaintiff's symptoms do not spring from organic causes but from a psychosomatic basis.

The vocational expert who testified at trial stated that if the plaintiff's pain was so severe as to prevent sustained physical activity there would be no jobs which the plaintiff could do, but that if her pain was bearable she could work as a ticket seller or taker or do light factory work, such as the packaging of contact lenses.

■ Thus, it appears that the plaintiff's claim of disability is based primarily on her own subjective complaints of pain. While pain in and of itself may be a disabling factor for Social Security benefit purposes, it can constitute a disability only when it is not remediable or where it is of such a degree to preclude an individual from engaging in substantial gainful activity. The plaintiff has the burden of proving the pain is disabling, and mere subjective evidence of pain cannot itself overcome medical evidence to the contrary.

■ After reviewing the record, we are of the opinion that the Secretary's decision that the plaintiff's pain is not severe enough to prevent her from engaging in substantial gainful employment is supported by substantial evidence. Accordingly, the decision of the Secretary is AFFIRMED and the defendant's motion for summary judgment is GRANTED.

It is so ORDERED.