**Miriam B. KIRBY, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 76–638–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

April 25, 1977.

Miriam B. Kirby, pro se.

Michael A. Rhine, Asst. U. S. Atty., Norfolk, Va., for defendant.

## OPINION AND ORDER

KELLAM, Chief Judge.

The instant action arises from the denial of disability benefits under the Social Security Act. Petitioner seeks review of the administrative actions previously taken on her claim for disability benefits. This Court's jurisdiction is provided by 42 U.S.C. § 405(g).

The administrative remedies available to Petitioner have been exhausted, and timely appeal has been made to this Court. On August 27, 1975, Petitioner applied to the Department of Health, Education and Welfare (H.E.W.) for disabled widow's insurance benefits. The claim for benefits was denied by the Bureau of Disability Insurance of the Social Security Administration on September 30, 1975 and was denied again, after reconsidering the application, on November 20, 1975. The claim for benefits was considered de novo by an administrative law judge who denied relief on May 5, 1976. The administrative law judge's decision became the final decision of the Secretary of H.E.W. on September 15, 1976, when the Appeals Council affirmed the administrative law judge's decision. Petitioner initiated the instant action on October 21, 1976, within the sixty day period provided by statute. 42 U.S.C. § 405(g). The administrative records have been filed with this Court, briefs have been submitted, and the case now comes on for decision.

The standard for review in this case is set out in section 205 of the Social Security Act.

. . . The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Secretary or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Secretary, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations.

42 U.S.C. § 405(g). It is incumbent on this Court to review the entire administrative record to determine whether or not the Secretary's final decision is in compliance with the applicable statutes and regulations, and whether or not the Secretary's findings of fact are supported by substantial evidence. *Blalock v. Richardson,* 483 F.2d 773, 775 (4 Cir. 1972); *Snyder v. Ribicoff,* 307 F.2d 518, 520 (4 Cir. 1962); *Whitman v. Weinberger,* 382 F.Supp. 256, 258 (ED Va.1974); *Bishop v. Weinberger,* 380 F.Supp. 293, 295 (ED Va.1974).

Review of the administrative record shows that the appropriate statutory and regulatory standards were applied in this case. Petitioner's claim for widow's insurance benefits was asserted under the provision of section 202(e)(1)(B)(ii) of the Social Security Act. 42 U.S.C. § 402(e)(1)(B)(ii). That section incorporates by reference the definition of disability given in section 223 of the Act. 42 U.S.C. § 423(d)(1)(A). Section 223(d)(2)(B) provides that the meaning of disability, for the purpose of determining one's qualification to receive widow's disability benefits, is more particularly described in the regulations. 20 C.F.R. § 404.-1504–06. Those regulations were applied in the administrative proceedings here under review.

The applicable regulations establish a narrow definition for disabilities under widow's disability insurance. Those regulations were promulgated under properly delegated authority of Congress and are con-

sistent with Congress' intent that widow's disability claims be subject to stricter standards than those which apply to wage earner disability claims. *See, e. g.* 1967 *U.S. Code Cong. and Adm.News,* pp. 2878–79.

The fact findings of the Secretary are supported by substantial evidence. Substantial evidence is

. . . evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.

*Blalock v. Richardson, supra* (and cases cited therein); *Smith v. Weinberger,* 394 F.Supp. 1002, 1006 (D.Md.1975).

The evidence does show that Petitioner suffers from hypertension, headaches, arteriosclerotic changes, some tremulousness, mild depression and weakness in the right arm, hand and leg of unknown etiology. Although these characteristics in combination show a disability, that disability is less than any of the disabilities listed in the applicable regulations. 20 C.F.R. § 404.-1504–06, Subpart P. The final finding of the Secretary that the "claimant's impairments do not meet or equal in severity the Listing of Impairments set forth in Subpart P of Regulation No. 4 of the Social Security Administration" is supported by substantial evidence.

The Secretary's final decision was properly founded in law and was supported by substantial evidence. Accordingly, the final decision of the Secretary of H.E.W. is AFFIRMED.