Alyce G. THEDORF, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.

Civ. No. 76-2569 GBH.

United States District Court, N. D. California.

Oct. 20, 1977.

Madeline D. Sager, Ukiah, Cal., for plaintiff.

Sara E. Green, Dennis J. Mulshine, Regional Attys., Dept. of HEW, San Francisco, Cal., James L. Browning, Jr., U. S. Atty., Eb F. Luckel, Jr., Asst. U. S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OF DECISION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

GEORGE B. HARRIS, District Judge.

Plaintiff brought this action pursuant to §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a "final decision" of the Secretary of Health, Education and Welfare denying her claims for surviving divorced wife's insurance benefits[1] and supplemental security income benefits under Titles II and XVI of the Social Security Act, respectively.

Plaintiff filed her application for surviving divorced wife's benefits on April 1, 1974, alleging that she had become unable to work in 1963. The application was denied by the Social Security Administration. In September 1974, plaintiff filed a request for reconsideration of that decision and also filed an application for supplemental security income benefits based upon disability. Both claims were denied by the Social Security Administration.

Plaintiff thereupon filed a request for a hearing, and such a hearing was duly held in Ukiah, California, on October 21, 1975, at which plaintiff personally appeared with her counsel and testified. The administrative law judge found that plaintiff was not under a disability for purposes of surviving divorced wife's insurance benefits and supplemental security income benefits based upon disability.

---

1. Although plaintiff's original application was for widow's insurance benefits based upon disability, the record shows that she and her husband were divorced prior to his death. Her application, therefore, will be deemed one for surviving divorced wife's benefits. The disability standard is identical for widow's and surviving divorced wife's benefits.

The administrative law judge's decision became the "final decision" of the Secretary of Health, Education and Welfare when, on September 24, 1976, the Appeals Council approved it following plaintiff's request for review. Plaintiff then instituted this suit.

### I. *The Decision of the Administrative Law Judge*

The administrative law judge's decision in this matter recited the procedural and adjudicative history of the case, a summary of the claimant's testimony, a summary of the medical evidence, an evaluation of the evidence, findings and conclusions, and the decision. The administrative law judge cited the applicable legal standards, and found that,

> In summary, the total record in this case convinces the undersigned that there is no impairment or combinations of impairments established by this record which lasted as much as twelve months which could be said to be interferring with the claimant's ability to [sic] at least light or sedentary work.

### II. *The Applicable Statutory Scheme*

Section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3), as amended, provides that: "The final determination of the Secretary after a hearing under paragraph (1) shall be subject to judicial review as provided in section 205(g) to the same extent as the Secretary's final determinations under section 205(g) . . . ." Section 205(g), 42 U.S.C. § 405(g), provides in pertinent part:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action * * * in the district court of the United States * * *. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *.

To qualify for supplemental security income benefits on the basis of disability under § 1602 of the Act, 42 U.S.C. § 1381a, an individual must meet the test of an "eligible individual" under 42 U.S.C. § 1382(a) and be a "disabled individual" within the contemplation of § 1382c(a).

Pursuant to § 1614(a)(3)(A) of the Act, 42 U.S.C. § 1382c(a)(3)(A), an individual shall be considered to be "disabled" only if he or she is:

> . . . unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

Section 1614(a)(3)(B), 42 U.S.C. § 1382c(a)(3)(B), defines an individual as under a disability:

> . . . only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Section 1614(a)(3)(C), 42 U.S.C. § 1382c(a)(3)(C), provides that a:

> . . . physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

Interpretations of the term "disability" and the standards for evaluating the same are contained in 20 C.F.R. § 416.901 et seq.

Section 202(e) of the Act provides for the payment of surviving divorced wife's insurance benefits. Section 216(d)(2) of the Act, 42 U.S.C. § 416(d)(2), defines "surviving divorced wife." Section 223(d)(2)(B) of the Act, 42 U.S.C. § 423(d)(2)(B) provides:

A widow, surviving divorced wife, or widower shall not be determined to be under a disability (for purposes of section 202(e) or (f) of this title) unless his or her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity.

The Secretary has promulgated regulations pursuant to the Act which are contained in 20 C.F.R. § 404.1501 et seq. Section 404.1501(a)(i) requires that the "disabling" impairment(s) be expected to result in death or have lasted or be expected to last for a continuous period of not less than 12 months.

Section 404.1504 provides in pertinent part:

A widow or widower shall, for purposes of section 202(e) or (f) of the Act, be determined to be under a disability only if . . .

(a) His or her impairment or impairments meet the duration requirements in § 404.1501 and are listed in the appendix to this subpart; or

(b) His or her impairment or impairments are not listed in the appendix to this subpart, but singly or in combination meet the duration requirement in § 404.-1501 and are determined by the Secretary to be medically the equivalent of a listed impairment.

Section 404.1505 provides that (a) the medical findings must be at least equivalent in duration and severity to the listed findings, and (b) the decision concerning equivalence must be based on medical evidence demonstrated by medically acceptable clinical and laboratory diagnostic techniques, including a medical judgment furnished by one or more physicians designated by the Secretary.

Section 404.1506 explains the Listing of Impairments contained in the appendix to subpart P of 20 C.F.R. Section 404.1506 reads in pertinent part as follows:

(a) The Listing of Impairments describes, for each of the major body systems, impairments which—

(1) Are of a level of severity deemed sufficient to preclude an individual from engaging in any gainful activity; and

(2) Are expected to result in death or to last for a continuous period of not less than 12 months.

Section 404.1532(b) explains that "substantial" work activity involves the performance of significant physical or mental duties, or a combination of both, productive in nature, while "gainful" work activity is activity for remuneration or profit (or intended for profit, whether or not a profit is realized).

### III. *The Medical Background*

Plaintiff was born on November 10, 1923. She had eleven years of formal education and obtained a G.E.D. She has worked as a checker at a grocery store, a sales clerk in a liquor store and as a ceramics painter. She claims that she became unable to work in 1963 because of back surgery for paralysis.

Plaintiff was married from August 3, 1942 until her divorce on August 5, 1971. Her former husband died in 1974. She has four children.

She complains of a variety of ailments, including weakness in her hands, back problems resulting from surgery, musculoskeletal pains, lung problems and falling incidents.

The medical evidence was as follows. Dr. Johnson, a board certified orthopedic surgeon, had examined plaintiff in 1974. He found that she had neck stiffness associated with scar tissue from previous surgery, but no disc or neurological pathology, and that her coordination was good. Dr. Johnson

reported no objective findings, other than restriction of neck motion, to account for plaintiff's subjective complaints of pain in the neck and left shoulder to the toes. Dr. Johnson believed that the plaintiff would be restricted to light work not requiring rapid head motions or heavy lifting.

Dr. Cardozo, a board certified thoracic surgeon, examined plaintiff on May 23, 1974, on referral from Dr. Bradley. Her chief complaint was a productive cough beginning some eight months prior to the examination. The doctor found inspiratory rales on the right, but the physical examination was otherwise normal and there was no obvious dyspnea. A bronchogram revealed a well localized bronchiectasis on the right, but not extensive enough to require surgery. Examination of the ears, nasal passages and throat was normal except for a slight septal deviation. A diagnosis was made of rhinitis secondary to the claimant's use of Vicks.

Plaintiff was also examined and treated by Dr. Bradley, a board certified family practitioner, and Dr. Seidenstricker, a general practitioner. She was seen by the latter on December 11, 1973, for a chief complaint of productive cough and pleuritic pain. Plaintiff was found to have a cough, but her lungs were said to be clear to percussion and aucultation. There was some motor weakness of all muscle groups of the right upper extremity, but the remainder of the neurological examination was normal.

Because of plaintiff's complaints of discomfort in the neck and upper extremities, Dr. Bradley referred her to Dr. Scheetz, who examined her on April 11, 1975. On physical examination there was a well-healed cervical laminectomy scar, no paravertebral muscle spasm or lumbar tenderness. There was medioscapular tenderness bilaterally. There was no atrophy spasticity, deformity or loss of peripheral pulses in the extremities. Neurological examination was normal with the exception of an equivocal hyperflexia in the left arm compared to the right. A brain scan and electromyograph test were each normal. Dr. Scheetz was unable to diagnose any specific disease process on the basis of his examination.

At the request of the State Agency, plaintiff was examined by Dr. Young, a specialist in orthopedic surgery, on February 17, 1975. On physical examination the only abnormalities elicited were with respect to the cervical spine. There was a well healed scar in the lower cervical region which was slightly tender. There was no trapezous muscle spasm but there was a deep soreness to palpation and the range of motion of the neck was restricted in all directions. X-rays revealed no active pulmonary or cardiac disease and the cervical spine showed some straightening of the normal lordosis. There were, however, no significant degenerative changes in the cervical spine and the lumbar spine was normal for her age. Pulmonary function studies showed mild emphysematous changes without obstructive phenomena. Dr. Young opined that Plaintiff's complaints were vague and did not amount to any specific known organic disease. His only objective findings were limited neck motion and the residual scar from the 1963 surgery. He did not believe plaintiff was totally disabled and was unable to find any evidence of incoordination on the basis of his examination.

Based on his analysis of the foregoing, the administrative law judge concluded his evaluation of the evidence:

In summary, the total record in this case convinces the undersigned that there is no impairment or combinations of impairments established by this record which lasted as much as twelve months which could be said to be interfering with the claimant's ability to at least light or sedentary work. It is equally clear from the record that the claimant has performed such work in the past particularly that which she did as a hand decorator and as a hotel desk clerk. In these circumstances, the undersigned must find that the claimant retains the residual functional capacity to perform substantial gainful activity. It must also follow this finding that if the claimant does not meet the

less stringent test of the inability to perform *substantial* gainful activity she must also be found to have retained the ability to perform gainful activity as defined in section 223 of the Act and appendix to subpart P of the regulations.

The administrative law judge then entered the following findings and conclusions:

1) The claimant filed an application for Widow's Insurance Benefits (disability) on April 1, 1974 alleging disability from 1963 at age 40.

2) The claimant filed an application for Supplemental Security Income benefits (disability) on September 5, 1974, alleging disability beginning 1963 at age 40.

3) The claimant was born on November 10, 1923 and is presently 52 years of age.

4) The medical evidence establishes that the claimant has mild emphysematous changes and residuals from several cervical laminectomies in 1963.

5) The claimant's impairments are not shown to have met or equalled the level of severity required by the Social Security Act and the code of Federal regulations in order to demonstrate an inability to engage in any gainful activity.

6) The evidence of record establishes that the claimant retains the residual functional capacity to engage in work which she has performed in the past, specifically as a hand decorator and hotel clerk.

7) Consideration of the claimant's age, education, training and work history as well as her medical impairments demonstrates that she retains the residual functional capacity to engage in a wide variety of light and sedentary jobs which are generally known to exist in significant numbers in the national economy and in the region where the claimant resides.

8) The claimant has not been under a "disability" as defined for purposes of widow's disability insurance benefits or supplemental security income benefits at any time through the date of this decision.

IV. *The Claim for Supplemental Security Income Benefits*

■ To demonstrate such disability as would entitle her to supplemental security income benefits, it is the claimant's ultimate burden to show that her disability precludes any substantial gainful employment. *See Kenny v. Weinberger*, 417 F.Supp. 393, 398 (E.D.N.Y.1976). "Disability" for these purposes requires consideration of the claimant's age, education and work experience. 42 U.S.C. § 1382c(a)(3)(B).

■ The administrative law judge here did find that plaintiff suffered from several medical problems, but concluded that neither alone nor in combination did they amount to a disability within the meaning of the applicable laws. There exists substantial evidence for such findings of the administrative law judge.

■ Under the standard of review contained in 42 U.S.C. § 405(g), the jurisdiction of this court is limited to determining whether the findings of the Secretary of Health, Education and Welfare are "supported by substantial evidence." As recently noted in *Walker v. Mathews*, 546 F.2d 814, 818 (9th Cir. 1976):

Substantial evidence means that a finding is supported by "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" [Citation omitted.]

Such "substantial evidence" need not amount to a preponderance of the evidence. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975).

■ If such substantial evidence exists, even though there be a conflict, the Secretary's decision must be upheld. *Torske v. Richardson*, 484 F.2d 59, 60 (9th Cir. 1973), *cert. den.*, 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974). Such conflicts are for the Secretary, and not for the courts, to

**1334**

resolve. *Laffoon v. Califano*, 558 F.2d 253, 255 (5th Cir. 1977).

■ The administrative law judge correctly considered the disabling effect of each ailment in combination on the plaintiff. *See Storck v. Weinberger*, 402 F.Supp. 603, 607 (D.Md.1975).

■ Plaintiff believes that the administrative law judge did not give sufficient credence to her subjective complaints of pain. The cases agree that pain alone can be a disabling factor, *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975), but such claims should be supportable, *see Harris v. Mathews*, 430 F.Supp. 1335, 1341 (D.Md. 1977), and it has been held that pain alone can be considered disabling only where it is not remediable or where it exists to such a degree as to preclude the claimant from engaging in substantial gainful activity. *Lay v. Mathews*, 427 F.Supp. 699, 701 (E.D. Va.1977). The burden is upon the claimant to demonstrate the existence of such disabling pain, *Benson v. Matthews*, 554 F.2d 860, 863 (8th Cir. 1977). The fact that a person cannot work without some pain and discomfort does not alone satisfy the test for disability. *See Cox v. Mathews*, 421 F.Supp. 721, 726 (N.D.Cal.1976); *Fessler v. Matthews*, 417 F.Supp. 570, 574 (S.D.N.Y. 1976).

■ Here, as the record demonstrates, the administrative law judge did consider the plaintiff's claims of pain, but he was entitled to reach the conclusion that such pain, if it existed, was not sufficient to "disable" plaintiff under the standards set forth above. He could properly consider both the medical evidence and plaintiff's credibility and motivation in reaching this determination. *See Cox v. Mathews, supra.*

Although plaintiff's condition has some sympathetic appeal, the court is not free to disregard the supported findings of the administrative law judge. Furthermore, it is evident that plaintiff's impairments, either singly or in combination, are not demonstrably worse than those demonstrated in a number of cases where benefits have been denied. *See, e. g., Laffoon v. Califano,*

*supra* at 254–255; *Russell v. Secretary of Health, Ed. and Welfare*, 540 F.2d 353, 355 (8th Cir. 1976).

### V. *The Claim for Surviving Divorced Wife's Disability Benefits*

Because plaintiff cannot satisfy the test for receiving supplemental security income benefits, it follows that she cannot meet the more stringent test for surviving divorced wife's disability benefits.

The difference in the two tests was well summarized in *Clarke v. Mathews*, 420 F.Supp. 1050, 1054 (D.Md.1976):

> The language of the Act indicates Congress' desire to require claimants seeking widow's disability benefits to demonstrate a more severe level of impairment than that required in 42 U.S.C. § 423(d)(1)(A) & (2)(A) for worker's disability benefits. The standard for widows is that the impairment must be sufficiently severe to preclude her from engaging in 'any gainful activity,' not merely any 'substantial gainful activity.' 'Disability,' for the purposes of widow's disability benefits, is determined strictly by medical evidence alone. Nonmedical factors, such as age, education and work experience, all of which must be considered by the Secretary in worker's disability claims, *see* 42 U.S.C. § 423(d)(2)(A), must be excluded from consideration in widow's disability claims. [Footnote and citations omitted.]

*See also Sullivan v. Weinberger*, 493 F.2d 855, 862 (5th Cir. 1974), *cert. den.*, 421 U.S. 967, 95 S.Ct. 1958, 44 L.Ed.2d 455 (1975); *Tillman v. Weinberger*, 398 F.Supp. 1124, 1128 (N.D.Ind.1975).

■ The plaintiff's burden here is a heavy one, *Clarke v. Mathews*, supra at 1055, and plaintiff has failed to discharge it. Here again, plaintiff's impairments are no greater than those in cases where benefits have been denied. *See Kirby v. Califano*, 432 F.Supp. 61, 62 (E.D.Va.1977); *Ehrenreich v. Secretary of H.E.W.*, 425 F.Supp. 1289 (W.D.N.Y.1977).

### VI. *Conclusion.*

Plaintiff's motion for summary judgment in her favor, or in the alternative for remand, is hereby denied. Defendant's cross-motion for summary judgment is hereby granted. It is so ordered.